# Kennedy *versus* The Erie and Wattsburgh Plank-Road Company.

Where a written instrument gave to a plank-road company the unrestricted right of way over certain premises, for the purposes of the road, parol evidence that the right was to be limited to a certain route over the same lands was inadmissible, as directly contradicting the written instrument.

ERROR to the Common Pleas of *Erie county.*

This was a proceeding to assess damages under the Act of 26th January, 1849, entitled " An Act regulating Turnpike and Plank-Road Companies," brought into the Court of Common Pleas by appeal, and tried at a special Court before his Honour Judge Mc-CALMONT. The facts of the case sufficiently appear in the opinion of the Court.

*Lane,* for plaintiff in error.

*Walker,* contrà.

The opinion of the Court was delivered by
KNOX, J.—It is undeniably true that the rule which prohibits

[Kennedy v. Erie and Wattsburgh Plank-Road Company.]

the reception of parol evidence to contradict, alter, add to, or diminish a written instrument, has lost much of its force and certainty, by the numerous exceptions which have been recognised in Pennsylvania. To reconcile the adjudicated cases with each other or with the rule itself, would require great ingenuity, and perhaps be an impossible undertaking. The wisdom of the rule is admitted by all, and yet, if the exceptions continue to be multiplied, it will become of little practical value. Repeatedly has this Court admitted the necessity of limiting rather than enlarging the exceptions to the rule; but, with every disposition to conform to this necessity, we find it extremely difficult to define with precision when this species of evidence should be received, and when rejected. The present case is, however, free from difficulty.

The plaintiff had released to the defendant, the Erie and Wattsburgh Plank-Road Company, the right of passage over his land, for the construction and use of the company's road. This release was in writing and in the usual form; to destroy its effect the plaintiff upon the trial offered to prove, by the agent of the company, who had procured the release, that it was signed by the plaintiff " upon the express condition that it was to be binding upon him only in case the plank-road should be located and built upon the Phillipsville route, and not otherwise; and to be followed by evidence that the said road was not located or built on said route, and that this condition was made known by Mr. Robinson and others to the board of directors afterwards at their meeting."

This offer was properly rejected by the Court of Common Pleas. Had it been received, it would not only have altered, by diminishing the effect of the written instrument, but it would have also contradicted it. The one gave the unrestricted right of way over the lands of the plaintiff for the purposes of the road, while the other limited the right to lands lying along a particular route. The one general and unconditional, the other special and conditional. Upon its face, the release gave to the company the undoubted right to appropriate to its use the lands of the defendant, upon which they entered; the object of the parol evidence was to show that the company had no right of entry whatever, and that it was a trespasser. A clearer case of direct conflict between the written instrument and the proffered testimony, can scarcely be conjectured. It was not alleged that there had been either a fraud perpetrated or a mistake committed in the transaction, unless the fraud could be inferred from the refusal of the company to permit the parol agreement to be used to do away with the release; or the mistake established by a misconception of the plaintiff as to the legal effect of his parol reservation. That to stand upon the rules of law, is no fraud, and that a mistake in the existence of such rules cannot be relieved from, needs neither argument nor authority to prove.

Vol. I.—29

[Kennedy *v.* Erie and Wattsburgh Plank-Road Company.]

The cases cited by the plaintiff in error, do not establish that there was error in rejecting his offer. That of McConaley *v.* The Centre and Kishacoquillas Turnpike-Road Company, 1 *Pa. Rep.* 426, is the strongest case in his favour, and the one upon which he most relies ; there it was held that if one was induced to subscribe to the stock of a company by a promise that his subscription should be received in work, the company could not sue for the money until the work was demanded. It does not appear from the report of the case that the parol evidence was received under objection, and even if it did, the difference between that case and the one now under consideration would be too manifest to rely upon the one as authority for the other. An agreement that a subscription should be paid in a certain specified manner, would not contradict the subscription itself, while a parol agreement that a release of damages should be inoperative, unless a certain location was made, would be entirely inconsistent with a written agreement, releasing all damages which might accrue from any location over the plaintiff's land which the company thought proper to make. The decision of the Court below in rejecting the evidence, is substantially sustained by the following cases : Seitzinger *v.* Ridgway, 4 *W. & Ser.* 472 ; Sennett *v.* Johnson, 9 *Barr* 335 ; Bertsch *v.* The Lehigh Coal and Navigation Company, 4 *Rawle* 130 ; Snyder *v.* Snyder, 6 *Binn.* 483 ; Beasam *v.* Huchison, 4 *Watts* 442 ; Stub *v.* Stub, 3 *Barr* 255 ; Woods *v.* Wallace, 10 *Harris* 171 ; Brett *v.* Chillas, not yet reported.

Judgment affirmed.